UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CURTIS L. BEARD, )
 ) 2: 12-cv-01470-PK
      Petitioner, )
 )
  v. )
 ) FINDINGS AND RECOMMENDATION
MARK NOOTH, )
 )
      Respondent. )

    Erin K. Galli
    Chilton & Galli, LLC
    714 SW 20th Place
    Portland, Oregon 97205

        Attorney for Petitioner

    Ellen F. Rosenblum
    Attorney General
    Kristen E. Boyd
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97301

        Attorneys for Respondent

///

1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner Curtis L. Beard brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his convictions and sentence for unlawful sexual penetration, kidnapping, assault and attempted assault. For the reasons set forth below, the Petition for Writ of Habeas Corpus [2] should be denied, and Judgment should be entered dismissing this action with prejudice.

## BACKGROUND

On February 15, 2007, the Washington County Grand Jury returned a secret indictment charging Beard with one count of Sexual Abuse in the First Degree, four (4) counts of Sodomy in the First Degree, one count of Causing Another Person to Ingest a Controlled Substance and two counts of Rape in the First Degree. Respondent's Exhibit 120. On April 4, 2007, in a separate case, the Multnomah County Grand Jury returned a reindictment charging Beard with two (2) counts of Attempted Assault in the Second Degree, one count of Sexual Abuse in the First Degree, one count of Attempted Rape in the First Degree, one count of Attempted Sodomy in the First Degree, one count of Unlawful Sexual Penetration in the First Degree, three (3) counts of Kidnapping in the First Degree, one count of Assault in the Second Degree, one count of Unlawful Possession of Cocaine, one count of Kidnapping in the Second Degree and two (2) counts of Causing Another Person to Ingest a Controlled Substance. Respondent's Exhibit 102.

2 - FINDINGS AND RECOMMENDATION

In addition, on December 14, 2005, a federal grand jury returned an indictment charging Beard with one count of Felon in Possession of a Firearm (3: 05-cr-00499-BR). Following extensive negotiations, Beard entered into a global settlement for all three cases and pled guilty to Unlawful Sexual Penetration in the First Degree, Kidnapping in the First Degree, Assault in the Second Degree, Attempted Assault in the Second Degree, and Kidnapping in the Second Degree. The sentencing court imposed a sentence totaling 360 months. Respondent's Exhibit 101.

Beard did not directly appeal his convictions.

He filed a petition for post-conviction relief ("PCR"), but the court denied relief. *Beard v. Nooth*, Malheur County Circuit Court Case No. 10027924P; Respondent's Exhibits 105-106. On appeal, the Oregon Court of Appeals affirmed without written opinion, and the Oregon Supreme Court denied review. *Beard v. Nooth*, 249 Or. App. 333, 278 P.3d 141 (2012), *rev. denied* 352 Or. 265, 286 P.3d 1230 (2012). Respondent's Exhibits 130-134.

On August 14, 2012, Beard filed this action. His claims are summarized as follows:

1. Ground One: Ineffective Assistance of Trial counsel.

   Supporting Facts: Trial counsel was ineffective in failing to move to suppress petitioner's involuntary statements that had been unlawfully obtained by the police.

///

///

3 - FINDINGS AND RECOMMENDATION

2. Ground Two: Ineffective Assistance of Trial counsel.

   Supporting Facts: Trial counsel was ineffective in failing to adequately research relevant legal precedent and explore the possibility of a pretrial motion to suppress evidence.

3. Ground Three: Ineffective Assistance of Trial counsel.

   Supporting Facts: Trial counsel was ineffective for failing to thoroughly investigate Beard's alibi defense and failing to call witnesses and obtain records supporting such alibi defense.

4. Ground Four: Ineffective Assistance of Trial counsel.

   Supporting Facts: Trial counsel was ineffective in failing to have an adequate psychological, psychiatric or neuropsychological exam of Beard. In addition, counsel failed to research the issue of involuntary intoxication and consider it as a defense to the intent element in Beard's case. Counsel failed to call doctors and manipulated Beard at the Global Settlement Hearing.

Respondent asks the Court to deny relief on the Petition on the basis it is time barred under 28 U.S.C. § 2244 and Beard cannot establish entitlement to equitable tolling.

## DISCUSSION

### I. The Petition is Untimely.

The parties agree that Beard failed to timely file this federal habeas petition. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one year statute of limitations to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Under the statute, the one year period begins to run from the date the judgment becomes final at the conclusion of direct review "or the expiration of the time for

seeking such review." *Id.* § 2244(d)(1)(A). A direct appeal becomes final upon the later of: (1) the expiration of the time for seeking review in the relevant state supreme court; or (2) if a petitioner seeks review in the Supreme court, the conviction is affirmed or the petition for certiorari is denied. *Gonzalez v. Thaler*, 132 S.Ct 641, 654-55 (2012); *Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007), *cert. denied*, 555 U.S. 829 (2008). The limitations period is tolled during the pendency of a properly filed state post-conviction proceeding or other collateral review. 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

In this case, the judgment on the challenged convictions became final on February 21, 2008 and Beard had 30 days to file an appeal with the Oregon Court of Appeals. As noted above, Beard did not file a direct appeal. Accordingly, the one-year AEDPA statute of limitations began to run on March 22, 2008 and he had until approximately March 22, 2009 to file a timely habeas corpus petition. Beard signed his timely state post-conviction petition on February 17, 2010. Therefore, between March 22, 2008 and February 17, 2010, approximately 697 days accrued on the limitations period. Accordingly, because Beard filed the instant proceeding well after the AEDPA one-year statute of limitations expired, his federal habeas petition is untimely.

///

5 - FINDINGS AND RECOMMENDATION

## II. Petitioner Has Not Demonstrated That Equitable Tolling Is Justified.

### A. Standards

The United States Supreme Court has determined that "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). A petitioner is only entitled to equitable tolling if he can establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009)(internal quotations and citations omitted); *Holland*, 130 S.Ct. at 2563. A petitioner also must show that the extraordinary circumstances were the cause of his untimeliness and made it impossible to timely file his petition. *Ramirez*, 571 F.3d at 997; *Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006), *cert. denied*, 549 U.S. 1317 (2007).

### B. Analysis

Beard argues he is entitled to equitable tolling of the one-year AEDPA statute of limitations because: (1) neither his counsel nor the court ever informed him of the AEDPA one-year deadline and he had no knowledge of it; and (2) he fell into the "two-year/one-year trap" wherein he was diligently pursuing his post-conviction

6 - FINDINGS AND RECOMMENDATION

remedy within its two year statute of limitations totally unaware that the shorter AEDPA statute of limitations period expired.

### 1. Ignorance of AEDPA One-Year Statute of Limitations

Beard contends he was unaware of the filing deadline and that neither his counsel nor the court advised him of the deadline. Rather, he avers that "[he] believed that if [he] complied with Oregon's post-conviction-relief rules regarding the timely filing and processing of such cases, that [he] would not encounter any problems with filing a subsequent federal habeas corpus case." Affidavit in Support [20] at p. 2. These arguments notwithstanding, Beard's ignorance of the law does not constitute an "extraordinary circumstance" entitling him to any equitable tolling of the limitation period. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006)(petitioner's ignorance of the law and inability to correctly calculate the limitations period did not provide grounds for equitable tolling); Ford v. Pliler, 590 F.3d 782, 789 (9th Cir. 2009)(citing Pliler v. Ford, 542 U.S. 225 (2004))(equitable tolling does not apply when courts do not warn pro se litigants about deadlines, unless courts affirmatively mislead parties); McDonald v. Director, 2009 WL 4756576, at *3 (N.D.Cal. Dec. 8, 2009)(counsel's failure to inform petitioner of limitations deadline does not merit equitable tolling).

///
///

7 - FINDINGS AND RECOMMENDATION

### 2. One-Year/Two-Year Statute of Limitations "Trap"

As noted above, Beard contends he fell victim to the "trap" created by the "conflicting and confusing deadlines for state post-conviction [two years] and federal habeas-corpus relief [one year]." Memorandum in Support [19] at p. 2. He does, however, acknowledge that the Ninth Circuit rejected this argument and determined there is no unfair trap warranting equitable tolling of the AEDPA statute of limitations. *Id.* (citing *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). *Ferguson* makes clear that even though a petitioner may exercise diligence in properly and timely filing his post-conviction petition, if he does this *after* the federal limitations period has expired, the two-year state post-conviction limitations period neither tolls nor extends the time to file under the AEDPA statute of limitations. Nevertheless, Beard raises this argument for preservation purposes.

Based on the foregoing, the Court finds Beard has not satisfied his burden to prove equitable tolling and this action should be dismissed with prejudice on the basis it is untimely.

### RECOMMENDATION

Based on the foregoing, the Petition for Writ of Habeas Corpus [2] should be DENIED, and judgment should enter DISMISSING this case with prejudice on the basis it is untimely.

In addition, the district judge should certify that Beard has not made a substantial showing of the denial of a constitutional

right pursuant to 28 U.S.C. § 2253(c)(2). This case is not appropriate for appellate review.

### SCHEDULING ORDER

The Findings and Recommendations will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

### NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 28th day of June, 2013.

_____
Paul Papak
United States Magistrate Judge

9 - FINDINGS AND RECOMMENDATION